# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Alan Stradley, ) | |
| ) | CIVIL ACTION NO. 3:08-1875-GRA-JRM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Evans Correctional ) | |
| Institution, ) | |
| Respondent. ) | |
| ) | |

Petitioner, Kenneth Alan Stradley ("Stradley") is an inmate at the South Carolina Department of Corrections ("SCDC") serving a term of life imprisonment for murder, together with concurrent sentences for armed robbery and conspiracy. On May 12, 2008, with the benefit of counsel, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On July 17, 2008, Stradley filed an amendment to his petition reflecting a denial by the South Carolina Supreme Court of a motion to reconsider and reinstate an appeal. On October 6, 2008, Respondent filed a return and motion for summary judgment. Respondent filed an amended motion for summary judgment and amended return on October 7, 2008. Stradley filed an opposition memorandum on December 23, 2008. Respondent filed a reply on January 8, 2009.

---

[1] This case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) (D.S.C.).

1

## Background and Procedural History

In the early morning hours of December 16, 1991, Eric Cochran ("Cochran") was murdered as he worked at a video poker parlor in Richland County. He was shot to death, and the business was robbed.

The investigation was stalled until July of 1992, when Michael Tyler ("Tyler") came forward and implicated Stradley. According to Tyler, Stradley was an employee of the video poker parlor and in possession of a large amount of cash after the murder and admitted to killing Cochran. Stradley was arrested and gave authorities a statement denying a role in the murder and robbery, and instead that Tyler and William Ray ("Ray") were the actual perpetrators. Stradley did admit in the statement to being in the parking lot of the business while Tyler and Ray committed the crimes.

In February of 1993 another witness, Mark Tribbey ("Tribbey"), came forward. He admitted that he and Stradley had robbed the video poker business and that Stradley had actually shot Cochran. According to Tribbey neither Tyler nor Ray were involved.

The trial commenced on July 12, 1993. Stradley was represented by Jeff Bloom, Esquire, and Tina Hardee, Esquire. Tyler and Tribbey testified for the State. Stradley testified in his defense. Stradley testified that Tyler and Ray were not involved in the murder and robbery. (App. 655). He further testified that he was dropped off by Tribbey on the morning of the crimes and when Tribbey returned to pick him up, he (Tribbey) told Stradley that he had killed Cochran. Then, according to Stradley, under a threat from Tribbey, they returned to the crime scene where they emptied the video poker machines, took the surveillance tape, and left. (App. 657-663).

The jury returned verdicts of guilty on all charges on July 16, 1993.

**1. Motions for New Trial**

Stradley filed a motion for a new trial based on alleged juror misconduct and alleged improper communication by a juror. A hearing was held on the motion on September 15, 1993. (App. 872). By order dated September 22, 1993, Stradley's motion for a new trial was denied. (App. 888).

Tribbey pled guilty to armed robbery and conspiracy on October 14, 1993. The murder charge against him was dropped. This prompted Stradley to file a second motion for a new trial. (App. 898). The motion was denied by order dated November 5, 1993. (App. 901).

**2. Direct Appeal**

An appeal was perfected by the South Carolina Office of Appellate Defense raising the following issues:

1. Whether the court erred when it found that it had no jurisdiction to hear appellant's motion for a new trial based upon the favorable treatment afforded co-defendant Mark Tribbey?

2. Whether the court erred when it refused appellant's request to charge that if the jury found the accused was not present at the scene, and had no prior knowledge that the crime was to be committed, that it must find the accused not guilty, ruling instead that this charge request was untimely and that the instruction given had covered the request?

(App. 908).

The South Carolina Supreme Court affirmed the convictions in part, and reversed in part. The Supreme Court held that the denial of Stradley's second motion for a new trial based on lack of jurisdiction was error, and remanded the case to the circuit court for a hearing based on Stradley's claim of after discovered evidence, i.e., Tribbey's guilty plea. S*ee* State v. Stradley, Op.No. 95-MO-310 (1995) (unpublished). (App. 977).

A hearing on the motion was held on February 13, 1996. (App. 986). Tribbey was called as

a witness. The trial court issued an order dated July 25, 1996, denying the motion for a new trial. (App. 1052).

Stradley appealed the decision raising the following issue:

Whether the court erred when it denied appellant's new trial motion, where the state had assured the jury that key state's witness Tribbey would be prosecuted for murder and he was permitted to plead guilty to lesser charges?

(App. 1171).

The trial court's ruling on the motion for a new trial was affirmed by the South Carolina Supreme Court. *See* State v. Stradley, Op.No. 98-MO-046 (1998) (unpublished) (app. 1223).

### 3. Application for Post-Conviction Relief ("PCR")

Stradley filed a *pro se* PCR on April 27, 1999. (App. 1225). An evidentiary hearing was held on October 27, 2003. Stradley was present but did not testify. He was represented by Tara D. Shurling, Esquire. The PCR court issued an order dismissing the PCR dated August 11, 2004. (App. 1506).

### 4. PCR Appeal

Ms. Shurling perfected an appeal on Stradley's behalf by way of a petition for writ of certiorari in the South Carolina Supreme Court raising the following issues:

**I.** Was trial counsel ineffective in failing to object to improper bolstering by the solicitor in his closing remarks?

**II.** Was appellate counsel ineffective in failing to appeal the trial judge's denial of the Petitioner's motion for a new trial based on juror misconduct?

The appeal was transferred to the South Carolina Court of Appeals by order dated February 15, 2006. The petition for writ of certiorari was denied by a "letter denial" on October 29, 2007. (App. 1560). A petition for rehearing (App. 1561) was denied on January 10, 2008. (App. 1567). Stradley then

filed a petition for writ of certiorari in the South Carolina Supreme Court raising the same issues rejected by the Court of Appeals. On April 9, 2008, the Supreme Court denied the petition because, under state procedure, it "will not entertain petitions for writs of certiorari...to review 'letter denials' [by the Court of Appeals] in PCR matters." The Remittitur was returned on April 10, 2008. On April 16, 2008, Stradley filed a "Motion to Reconsider with Leave to Reinstate Appeal" in the South Carolina Supreme Court seeking reversal of the Supreme Court's refusal to consider the appeal from the letter denial of the Court of Appeals on procedural grounds. That motion was pending at the time the present petition was filed. The motion was denied by the South Carolina Supreme Court on June 26, 2008. *See* "Amendment to Petition for Writ of Habeas Corpus" filed July 17, 2008. (Doc.No. 9).

## Grounds for Relief

In his present petition, Stradley asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One**: The Petitioner's right to due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, was violated when the trial court refused to give the Petitioner's requested charge on presence and knowledge.

**Ground Two:** The Petitioner's right to due process, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, was violated when the trial court denied the Petitioner's motion for a new trial.

**Ground Three:** The Petitioner's right to effective assistance of trial counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, was violated by trial counsel's failure to object to the improper bolstering of a witness' testimony.

**Ground Four:** The Petitioner's right to the effective assistance of appellate counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States

5

**Constitution**, was violated by appellate counsel's failure to raise on appeal the trial judge's denial of the defendant's motion for a new trial based on juror misconduct.

**Ground Five:** The South Carolina Supreme Court violated Petitioner's equal protection and due process rights, pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, when it dismissed the Petitioner's Petition for Writ of Certiorari to the South Carolina Court of Appeals.

## Discussion

Since Stradley filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a

> decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

### 1. Jury Instruction (Ground 1)

After the trial court had charged the jury on the law and deliberations had begun, the jury sent a question to the court:

> "May we please have a definition of armed robbery in general to answer the specific question of whether an individual needs to be present when force was used to commit the robbery to be found guilty and a definition of conspiracy to commit armed robbery?"

(App. 851).

In response, the jury returned to the courtroom and a portion of the original charge was replayed. The foreman stated that the replaying of the portion of the jury instruction was sufficient. (App. 854). After the jury returned to the jury room to resume deliberations, counsel asked the Court to give the following additional instruction:

> "It is an elemental principle of law that if you find that the accused was not present at the scene of the offense and you also find that the accused had no prior knowledge or intent the crime was to be committed, then you must find the accused not guilty of that offense."

7

(App. 855).

The court refused to give the jury an instruction that had not been previously given. *(Id)*.

Stradley asserts that the refusal to give the supplemental instruction violated his right to due process. Respondent argues that the ground is procedurally barred, and alternatively, that Stradley is not entitled to relief if the claim is considered on the merits.

A habeas petitioner is required to exhaust his remedies in state court before proceeding in federal courts. *See* 28 U.S.C. § 2254(b)(1) and O'Sullivan v. Boerckel, 526 U.S. 838 (1999). The petitioner must present the claim to the state's highest appellate court to satisfy the exhaustion requirement. Additionally, "[i]n order to avoid procedural default [of a claim] the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted).

The undersigned concludes that Stradley did not "fairly" present this claim to the state courts, and it is, therefore, procedurally barred. The trial court denied the motion on state procedural grounds. (App. 855). On appeal, Stradley did not assert that the trial court's refusal was a denial of due process, but argued that the trial court erred in ruling that the "charge was untimely and that the instruction given had covered the request" from the jury. (App. 908). In affirming the ruling of the trial court, the South Carolina Supreme Court cited only State v. Barwick, 280 S.C. 45, 310 S.E.2d 428 (1983), and its procedural rules. In Barwick, the Supreme Court held: "Where a requested charge is fully and fairly covered by the trial judge's general charge, refusal of a requested instruction is not error." *Id.*

8

Stradley argues that the inclusion of the phrase "an elemental principle of law" in the requested supplemental charge is sufficient to notify the court that he claimed a violation of his right to due process. Stradley offers no precedent for this argument, and it ignores the complete reliance on a violation of state procedure and precedent at trial and on appeal. Surely, there are principles of law which might be considered "elemental" other than due process.

Even if considered on the merits, Stradley cannot show that the failure to give the requested supplemental instruction denied him due process. Stradley essentially argues that the court refused to give an instruction that coincided with his theory of defense. Such a request to charge normally is made with the original instruction by the court to include a defense relied upon by the defendant, e.g. self-defense or alibi.

In a criminal trial, the State must prove each element of the offense, and a jury instruction that fails to give effect to this requirement violates due process. Middleton v. McNeil, 541 U.S. 433, 437 (2004) citing Sandstrom v. Montana, 442 U.S. 510, 520-521 (1979). Generally, jury instruction issues in state court trials are matters of state law and procedure and do not involve federal constitutional concerns. Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). "Failure to give an appropriate theory of defense instruction, without more, is not a violation of the Due Process Clause. Some other circumstances, demonstrating a serious miscarriage of justice, must be present." Johnson v. Ballard, 2008 WL 687451, *38 (S.D.W.Va.) quoting Nickerson v. Lee, 971 F.2d 1125, 1138 (4th Cir. 1992), *abrogated on other grounds by* Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). In other words, a petitioner must show that he suffered serious prejudice by the failure to give the requested charge. It is recognized that the refusal to give an instruction is less likely to result in prejudice than giving an erroneous instruction. Hendrickson v. Kibbe, 413 U.S. 145, 155 (1977).

### 2. Testimony of Tribbey (Grounds 2 and 3)

As noted above, Tribbey implicated Stradley as the "shooter" at trial. At the time of his testimony, he was also charged with murder, armed robbery and conspiracy. Tribbey affirmed "that there are no deals between the State of South Carolina and [him] or [his] lawyer." (App. 451). In opening and closing arguments the Solicitor emphasized that other juries would decide the fate of Tribbey (and Ray). (App. 140 and 766). In arguing the credibility of the State's witnesses, the Solicitor stated "there are no deals in this case." (App. 773).

After Stradley was convicted, Tribbey pled guilty to armed robbery and conspiracy, and the murder charge was dismissed. Stradley made a motion for a new trial which was denied, and his appeal on this basis was rejected.

Stradley asserts two grounds for relief stemming from Tribbey's testimony. First, he argues that his right to due process was denied when the trial court denied his motion for a new trial (Ground 2). Second, he argues that his trial counsel was ineffective for failing to object to the "bolstering" of Tribbey's testimony during argument.

After remand, a full hearing was held on Stradley's motion for a new trial. (App. 986). Stradley called Tribbey as a witness. Tribbey's trial testimony and the transcript of his guilty plea were placed in the record. Tribbey's trial attorney affirmed that his testimony would be substantially identical to that of his client. (App. 1033). Counsel's notes concerning his discussions with Tribbey were also made a part of the record. In its written order the court found "that no negotiated deal existed between the State and Mark Tribbey relative to his plea and testimony in this case." (App. 1053). This finding of fact is fully supported by the record and is entitled to deference in this Court. 28 U.S.C. § 2254(e)(1). The motion for a new trial was denied, the court finding that "where there

10

is no written or implied plea agreement between the witness and the State, there is nothing for the State to disclose and the failure to make such disclosure is not error." *Id.* This ruling was affirmed by the South Carolina Supreme Court. State v. Stradley, *supra*. (App. 1223).

### a. Brady Violation (Ground 2)

Stradley asserts in his present petition that the State's failure to disclose the existence of a plea negotiation with Tribbey violated his right to due process as required by Brady v. Maryland, 373 U.S. 83 (1976). Brady compels the prosecution to disclose exculpatory evidence, including evidence that might be used for impeachment, to the defendant. United States v. Bagley, 473 U.S. 667 (1985).

Stradley argues that "(b)oth the deal ultimately given Tribbey, and its timing, strongly support the existence of a 'nod and a wink' commitment by the State before the Petitioner's trial to reward Tribbey if his testimony supported the Petitioner's conviction." (Pet.Mem., p. 15). However, Stradley produced no evidence of such a deal and the trial court's finding was neither contrary to nor an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of fact. *See* Bowman v. Johnson, 2008 WL 5210344 (E.D.Va.) and Sanders v. Warden, 2009 WL 136888 (D.S.C.).

### b. Ineffective Assistance of Trial Counsel (Ground 3)

Stradley asserts that his trial counsel was ineffective for failing to object to the Solicitor's arguments regarding Tribbey's credibility. He argues that counsel should have objected to "bolstering" because the Solicitor argued, in effect, that Tribbey would later be tried for murder by a jury.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771

11

n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of

12

the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

This claim fails for the same reason as Stradley's related Brady claim. The state court found there was no "deal" at the time of Tribbey's testimony. Therefore, there was no basis to object to the Solicitor's arguments.

### 3. Ineffective Assistance of Appellate Counsel

Stradley argues that his attorney on direct appeal was ineffective for failing to raise the issue of the denial of his motion for a new trial based on juror misconduct.

As noted above, Stradley filed a motion for a new trial based on juror misconduct. (App. 868). A hearing was held on the motion on September 15, 1993. The record reflects that during the trial defense counsel brought to the court's attention that a relative of one of the State's witnesses had spoken to one of the jurors (Floyd Miller). The court questioned the relative and the juror, in camera, and decided to allow the juror to continue. Stradley then moved for a mistrial, or in the alternative to have the juror removed. The motion was denied. (App. 303-307).

The day after the verdict was returned another juror, Mae Briggman, contacted defense counsel and told him that she had wanted to withdraw her verdicts of guilty at the time the jury was polled. Counsel contacted the trial judge and was told to obtain an affidavit from the juror. The affidavit was procured and a motion for a new trial was made. (App. 868). The Briggman affidavit indicates that she did want to change her vote for guilty and that the other juror, Mr. Floyd, stated in the jury room that he had talked with the relative of the witness. (App. 869). The hearing was held

(App. 872) and the court issued an order denying the motion dated September 22, 1993. (App. 888). The issue was not raised on direct appeal.

The issue of ineffective assistance of counsel for not raising the issue on direct appeal was raised in Stradley's PCR. (App. 1225). The PCR court found that Stradley "did not present any testimony, evidence or legal argument concerning this ground for relief." Based on this finding, the PCR court then found that Stradley had failed to meet his burden of proof. (App. 1514-1515). The issue was raised in the petition for writ of certiorari.

A defendant is constitutionally entitled to effective assistance of appellate counsel. Evitts v. Lucey, 469 U.S. 387, 396-97, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). "However, appellate counsel is not required to raise every non-frivolous issue that is presented by the record." Thrift v. State, 302 S.C. 535, 397 S.E.2d 523, 539 (S.C.1990) (citing Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)). Appellate counsel has a professional duty to choose among potential issues according to their merit. Jones, 463 U.S. at 752-53. Where the strategic decision to exclude certain issues on appeal is based on reasonable professional judgment, the failure to appeal all trial errors is not ineffective assistance of counsel. Griffin v. Aiken, 775 F.2d 1226, 1234 (4th Cir.1985). "When a claim of ineffective assistance of counsel is based upon failure to raise viable issues, the court must examine the record to determine whether appellate counsel failed to present significant and obvious issues on appeal." Gray v. Greer, 800 F.2d 644, 646(7th Cir.1986). Generally, the presumption of effective assistance of counsel will be overcome only when the alleged ignored issues are clearly stronger than those actually raised on appeal. *Id.*

The PCR court applied these principles to Stradley's claim. (App. 1515). The court specifically found that "the alleged ignored issue was not properly preserved for appellate review."

14

(App. 1516). The court further found that Stradley had not shown that the juror misconduct issue was clearly stronger than the issues raised on direct appeal.

### 4. Appellate Procedure

Stradley asserts that his rights to due process and equal protection were violated by a change in South Carolina's appellate procedure. As discussed above, Stradley's petition for writ of certiorari was transferred by the South Carolina Supreme Court to the Court of Appeals pursuant to South Carolina Appellate Court Rules. Those rules allow further review of the decisions of the Court of Appeals by the Supreme Court. (*See* Rule 226 SCACR). The Court of Appeals denied the petition for writ of certiorari by a "letter order" dated October 29, 1997. (App. 1560). Stradley's petition for a rehearing was denied by order dated January 10, 2008. (App. 1567). Counsel for Stradley received two extensions of time to file a petition for review in the Supreme Court. During this time the Supreme Court decided Haggins v. South Carolina, 377 S.C. 135, 659 S.E.2d 170 (2008), in which the Supreme Court held that it "will not entertain Rule 226 petitions for writ of certiorari to review 'letter denials' in PCR matters." *Id.* at 137. Stradley's petition for writ of certiorari was rejected by the Supreme Court pursuant to its decision in Haggins.

Stradley now argues that this change violates his rights to due process and equal protection. The undersigned disagrees.

In Missouri v. State, 378 S.C. 594, 663 S.E.2d 480 (2008), the South Carolina Supreme Court extended the holding of Haggins to summary denials of Johnson petitions for writs of certiorari by the Court of Appeals. Counsel for Stradley was counsel of record in Missouri and raised the same issues presented here. The court held

> We find neither Haggins, nor our extension of Haggins herein, constitutes a violation of constitutional rights. Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341

15

(1974); Sloan v. S.C. Bd. of Physical Therapy Examiners, 370 S.C. 452, 636 S.E.2d 598 (2006); Denene, Inc. v. City of Charleston, 359 S.C. 85, 596 S.E.2d 917 (2004); Rule 226(b), SCACR; 16C C.J.S. Constitutional Law § 1691 (2005).

These precedents make it clear that a criminal appellant is entitled to due process protection when the state provides a first appeal as of right, but is not entitled to full due process protection in subsequent discretionary appeals. Ross, 417 U.S. at 609-614. *See also* Evitts v. Lucey, 469 U.S. 387, 392-393 (1985) and Coleman v. Thompson, 501 U.S. 722, 756 (1991).

In Hunt v. Nuth, 57 F.3d 1327, 1336-1337 (4th Cir. 1995), the court rejected a habeas petitioner's claim that he was denied equal protection because some constitutional claims could be raised on direct appeal, but a claim of ineffective assistance of counsel could only be raised by collateral procedure subject to discretionary review. The equal protection argument was rejected because the state procedure differentiated between classes of cases, not classes of people. The court noted that:

> "(t)the State...has a legitimate interest in conserving judicial resources and need not provide the same review of each type claim, particularly when [the State] already provides defendants with more than the constitutional minimum of opportunities for review. *Id.* at 337.

The same rationale applies to Stradley's claim. South Carolina has a legitimate interest in conserving its judicial resources and is not required to treat all cases which are transferred to the Court of Appeals by the Supreme Court equally.

## Conclusion

Petitioner has not shown that the rulings of the state court's were contrary to, or an unreasonable application of clearly established federal law, or based on an unreasonable determination of fact. Accordingly, it is recommended that Respondent's motion for summary

16

judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

$$\text{[signature]}$$
_____
Joseph R. McCrorey
United States Magistrate Judge

July 29, 2009
Columbia, South Carolina