IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kenneth Alan Stradley, #200385, | ) ) ) | |
| | ) | Civil Action No. 3:08-cv-1875-GRA |
| Petitioner, | ) ) | |
| v. | ) ) | **ORDER** |
| Warden, Evans Correctional Institution, | ) ) ) ) | |
| Respondent. | ) ) | |

This matter comes before the Court upon Petitioner's Objections to the magistrate's Report and Recommendation. Petitioner, with benefit of counsel, filed for relief under 28 U.S.C. § 2254, on May 12, 2008. Respondent filed a Return and Motion for Summary Judgment on October 6, 2008. On October 7, 2008, Respondent filed an amended Return and amended Motion for Summary Judgment. Petitioner filed a Response in opposition to Respondent's motion on December 23, 2008. Respondent filed a Reply on January 8, 2009.

On July 29, 2009, the magistrate issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted and that the case be dismissed without an evidentiary hearing. This Court granted Petitioner's Motion for an Extension of Time in which to file his objections. On August 26, 2009, Petitioner filed objections to the Report and Recommendation. For the reasons stated herein, this Court accepts the recommendation of the magistrate, GRANTS

Respondent's motion for summary judgment, and DISMISSES the petition without an evidentiary hearing.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Petitioner makes six objections to the

magistrate's report. This Court will address each one in turn.

In his § 2254 memorandum, Petitioner argued that it was a denial of due process for the trial court to deny his requested jury charge. Magistrate Judge McCorey addressed the issue on both procedural grounds and on the merits, and recommended dismissal of the claim. Petitioner objected to both findings.

Petitioner's objection to the magistrate's conclusion that the claim was procedurally barred appears to simply restate the arguments made in his Reply and Memorandum of Law. While this Court does not have to address this type of objection, in an abundance of caution, the Court will address this one. Petitioner argues that the phrase "elemental principle of law" is the appropriate "language needed to alert the state courts that the Petitioner was relying on due process grounds." (Obj. of Pet. at 2.) In his Report and Recommendation, the magistrate held that "[Petitioner] offers no precedent for this argument" as a response. (Mag. Rep. & Recomm. 9.) Petitioner also fails to give this Court any precedent on this issue in his objection. Therefore, this objection is without merit.

Petitioner's objection as to the merits of Ground One states that the magistrate was incorrect in stating Petitioner's argument. Petitioner claims his argument involved a violation of due process based on *Turner v. Arkansas*, 407 U.S. 366 (1972), and that the magistrate incorrectly couched the argument by stating that the court refused to give an instruction that coincided with his theory of defense. This Court overrules Petitioner's objection. To begin, Petitioner merely restates his original argument using

different language.  In addition, even if this Court were to find that this was a due process argument, the failure to give the requested charge did not rise to the level of serious miscarriage of justice, which must be present to find a violation of due process under these circumstances.  *(See* Mag. Rep. & Recomm. 9); *See also Nickerson v. Lee* 971 F.2d 1125, 1138 (4th Cir. 1992).

For Ground Three, Petitioner objects to the magistrate's characterization of his allegation and faults his trial counsel for failing to object to the solicitor's comments regarding the State's witness during closing arguments.  Even if this Court were to accept Petitioner's argument, the outcome remains the same.   Under *Strickland v. Washington*, 466 U.S. 668 (1984), this Court must look at the challenged action "as of the time of counsel's conduct."  Petitioner claims that his trial counsel was ineffective for failing to object to personal assurances to the jury made by the solicitor that Tribbey would be tried by another jury in the future.  Petitioner admits in his objection that the "only source for this information is the solicitor."  Therefore, looking at the time of counsel's conduct, trial counsel was not ineffective for failing to object as he would have been unable to know the future circumstances surrounding Tribbey's case.

Petitioner also claims that the solicitor's statements should be considered bolstering.  Even if the solicitor's statements were considered bolstering, which is doubtful, it would not have reached the threshold necessary to result in a denial of due process as "the comment being contested was, at best, peripheral to the *credibility* of

one single source of incriminating evidence." *United States v. Sanchez*. 118 F.3d 192, 198 (4th Cir. 1997) (emphasis added). Therefore, as the comments made did not result in a denial of due process, Petitioner's argument must fail.

For Ground Four, Petitioner objects to the magistrate's finding that (1) the issue was not properly preserved for appellate review and (2) the juror misconduct issue was not stronger than the issue raised on appellate review. This Court agrees with the magistrate's holding. The PCR court found that the issue was not properly preserved for appellate review. The magistrate was correct in stating that the finding was fully supported by the record and entitled to deference. (*See* Mag. Rep. & Recomm. 10); 28 U.S.C. § 2254(e)(1). Thus, this material is not properly before this Court and will not be considered. *See Reed v. Ross*, 468 U.S. 1, 10-11 (1984) (holding that federal courts will honor procedural bars in state courts). Even if the issue had been properly raised for appellate review, Petitioner has failed to show that the alleged ignored issues are *clearly* stronger than those actually raised on appeal. *See Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) (emphasis added). First, Petitioner merely uses the magistrate's Report and Recommendation as an indication that the juror misconduct issue must be stronger because the magistrate found that the issues raised on appellate review were meritless. The magistrate's use of the word "meritless" does not indicate the absolute weakest argument Petitioner could make on appeal. Second, Petitioner argues that it would have been easy and likely successful to win on appeal because the trial court did not address the sufficiency of the juror misconduct

allegation. However, the Fourth Circuit stated that "[i]t is true that the Supreme Court has long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias . . . . But this does not mean that a court is obliged to hold an evidentiary hearing any time that a defendant alleges juror bias, regardless of whether he utilized the pre-trial procedures available for ensuring the jury's impartiality." *Billings v. Polk*, 441 F.3d 238, 245-46 (2006). As Petitioner has not demonstrated to this Court that the juror misconduct issue is *clearly* stronger than the issues raised on appeal, this Court dismisses his objection.

For Ground Five, Petitioner objects to the findings of the magistrate that Petitioner's due process and equal protection rights have not been violated. To begin, this Court cautions that it believes this claim is not cognizable as Petitioner appears to be challenging questions of state law and procedure which cannot form the basis of habeas relief. *See Estelle v. McGuire*, 502 U.S. 62 (1991). However, in an abundance of caution and for the sake of judicial economy, the Court will address Petitioner's objection below.

With regards to Petitioner's due process claim, as the magistrate correctly explained, the South Carolina Supreme Court held in *Haggins v. South Carolina*, 377 S.C. 135 (2008), that it "will not entertain Rule 226 petitions for writ of certiorari to review 'letter denials' in PCR matters." (*See* Mag. Rep. & Recomm. 15.) In a later case, the South Carolina Supreme Court directly addressed the *Haggins* decision in regards to due process claims, finding that *Haggins* did not constitute a violation of

constitutional rights. *See Missouri v. State*, 378 S.C. 594 (2008). This Court notes that counsel in this case was counsel of record in *Missouri* and raised similar issues to the ones in this case. *See* Mag. Rep. & Recomm. 15. Based on the above, this Court agrees with the magistrate's holding regarding Petitioner's due process claim.

With regards to Petitioner's equal protection claim, this Court agrees with the magistrate that the rationale behind the Fourth Circuit case, *Hunt v. Nuth*, applies. *Hunt* noted that a state does not have to provide similar relief for every claim, especially when defendants already receive above the constitutional minimum for review procedures. *See Hunt v. Nuth*, 57 F.3d 1327, 1336-1337 (4th Cir. 1995). The magistrate reasoned that South Carolina has a legitimate interest in conserving its judicial resources and is not required to treat all cases, transferred to the Court of Appeals by the Supreme Court, equally. (Mag. Rep. & Recomm. 16.) This Court finds that the magistrate's reasoning is correct.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Based on the foregoing, the Respondent's Motion for Summary Judgment is GRANTED and the petition DISMISSED without an evidentiary hearing.

IT IS SO ORDERED.

**[Signature Block on following page]**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

Anderson, South Carolina
September  2 , 2009

**<u>NOTICE OF RIGHT TO APPEAL</u>**

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.